UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

AMES ASSOCIATES,

                Plaintiff,

           - against -

ABS PARTNERS REAL ESTATE LLC, ABS
PARTNERS LLC, AB PARTNERS LLC,
ARNOLD SCHONFELD, THOMAS
KEEGAN, JOSEPH DEL VECCHIO, AL'S
BEST ELECTRIC CO., INC., and AL
ANSHELEWITZ,

                Defendants.

------------------------------------------------------x

06 Civ. 928 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/08

This action was brought by Ames Associates against ABS Partners Real Estate LLC, ABS Partners LLC, AB Partners LLC (collectively "ABS"), Joseph Del Vecchio, Arnold Schonfeld, Thomas Keegan, Al's Best Electric Co., Inc., and Al Anshelewitz. The complaint alleged that defendants violated the Racketeer Influenced and Corrupt Organizations Act of 1970, 18 U.S.C. §§ 1961 (2007) *et seq.* ("RICO"), by conducting the affairs of an enterprise through a pattern of racketeering activity consisting of various acts of mail fraud and wire fraud. The complaint also included state law claims for fraud, negligence, breach of fiduciary duty and breach of contract.

Defendants moved to dismiss the complaint under Fed. R. Civ. P. 9(b) and 12(b)(6). On March 30, 2007, the court granted that motion and

dismissed the complaint without leave to replead. Specifically, the court held that because ABS and its employees were effectively the RICO "enterprise" alleged and were also the RICO "persons" being sued, plaintiff failed to plead, as required, a liable RICO person distinct from the RICO enterprise. The clerk entered the judgment on April 12, 2007.

Plaintiff has moved for reconsideration of the dismissal pursuant to Local Civil Rule 6.3, and for alteration or amendment of the judgment pursuant to Fed. R. Civ. P. 59(e). Plaintiff contends that the court was incorrect in concluding that the "Murray Hill Enterprise" was not an adequately pled RICO enterprise. The court, however, finds no reason to revisit that holding.

Plaintiff further contends that four alternative RICO enterprises that meet the distinctness requirement are apparent from the face of the pleadings. These are ABS, Ames, Al's Best, and an association-in-fact between several of the named defendants. The complaint does not specifically allege any of these enterprises, and the court will not reinterpret it to do so.

Plaintiff requests the court, in the alternative, to allow plaintiff the opportunity to amend the complaint. One solution plaintiff proposes is to eliminate ABS as a defendant and allege that ABS is the RICO enterprise. With this modification, the remaining defendants would be persons distinct from the enterprise. Plaintiff cites Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158 (2001), in support of this

argument. In that case, the Supreme Court held that it is sufficient to allege that an employee is the RICO person liable and the employer corporation is the RICO enterprise, if the employee is conducting the corporation's affairs in a RICO-forbidden way. Thus, if ABS is removed as defendant and alleged as the enterprise, the distinctness defect identified in the court's opinion would in fact be cured.

According to Fed. R. Civ. P. 15(a), leave to amend shall be freely given when justice so requires. Because it appears that plaintiff may be able to adequately plead a distinct RICO enterprise if given an opportunity, the court grants plaintiff leave to amend the complaint. The judgment dismissing the case is vacated.

SO ORDERED.

Dated:   New York, New York
         January 4, 2008

                                          THOMAS P. GRIESA
                                          U.S.D.J.